IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT J. MATHEWSON, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CORE CIVIC CORPORATION (aka CORRECTIONS CORPORATION OF AMERICA), CHIEF BRENT MADRID, LT. BUSHMAN-WEAVER, and KARI ALSTEAD (aka KARI KENYON),<br><br>Defendants. | CV 18-00059-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Robert Mathewson filed a Complaint alleging Defendants violated his rights under the First Amendment, Fourteenth Amendment (Equal Protection and Due Process), and the corresponding statutory protections under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 (RLUIPA) (Doc. 2). Defendant Kari Alstad filed a motion for summary judgment (Doc. 9) which was joined by the CoreCivic Defendants (Doc. 15) arguing that Mr. Mathewson failed to exhaust his administrative remedies with regard to his claims. Mr. Mathewson filed a response and a cross motion for summary judgment on the same issue. (Docs. 18, 19.)

Having considered the parties' arguments and submissions, the Court finds

-1-

that Defendants have not met their burden of demonstrating that Mr. Mathewson failed to properly utilize available administrative remedies. Defendants' Motion for Summary Judgment (Doc. 9) should be denied and Mr. Mathewson's Cross Motion for Summary Judgment (Doc. 18) should be granted.

I.  **SUMMARY JUDGMENT STANDARD**

The Ninth Circuit in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), held that the proper procedural device for determining whether administrative remedies have been exhausted is a motion for summary judgment. *Id.* at 1168. Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id*. On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id*. at 159.

A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## II. FACTS

The administrative grievance procedure at Crossroads Correctional Center (CCC) is Montana State Prison Procedure 3.3.3 (MSP Procedure 3.3.3) as mandated by CCA's contract with the State of Montana. MSP Procedure 3.3.3 was in force and effect at all times that Mr. Mathewson was incarcerated at CCC. (Defendants' Statement of Undisputed Facts, Doc. 11 at ¶¶ 2-3.) The issues Mr. Mathewson raises in his Complaint are among the "grievable issues" included in the scope of issues that must be properly grieved prior to filing a court action. (Defendants' Statement of Undisputed Facts, Doc. 11 at ¶ 5.)

In order to exhaust the grievance process at CCC, an inmate is required to first submit an Inmate/Offender Resolution Form ("Informal") within five working days of the event complained of. If an inmate is not satisfied with the informal resolution process and wishes to exhaust administrative remedies, he is required to file a formal grievance within five days of the response to his Informal. If the inmate is not satisfied with the response to his formal grievance, in order to exhaust administrative remedies he must appeal the grievance decision first to the Warden by submitting an Inmate/Offender Grievance Appeal to Warden/

Administrator Form within five days of the response to the formal grievance. If the inmate is still unsatisfied at that stage of the process, in order to exhaust administrative remedies, he must appeal the Warden's decision to the MDOC Director by submitting an Inmate/Offender Grievance Appeal to Corrections Director form. The MDOC Director's "response is final, and exhausts all administrative remedies available to the inmate through the inmate grievance program." (Defendants' Statement of Undisputed Facts, Doc. 11 at ¶¶ 6-9.)

Mr. Mathewson filed an informal resolution form on September 29, 2017, stating: "On 9-28-17 Shelby Facility Officer Busman threaten me to destroy my Eagle fether [sic] prayer fan that ether I tear apart the feathers or go to the hold RHH and get a major right [sic] up. So I broke the handle and gave it to her." Mr. Mathewson requested "an investigation." The Response on the form indicates: The action you request is . . . appropriate because: staff will investigate the grievance and an appropriate action will be conducted." (September 29, 2017 Informal Resolution Form, Doc. 2-1.)

On October 5, 2017, Unit Manager B. Johnson wrote an investigation summary memorandum. As part of his investigation, Unit Manager Johnson met with Mr. Mathewson and CCC staff. Unit Manager Johnson concluded at the end of his investigation that "Mathewson was not forced to damage his eagle feather

fan, but was given the opportunity to remove the feather and broke the fan in anger therefore damaging it himself." (Defendants' Statement of Undisputed Facts, Doc. 11 at ¶¶ 14-16; Investigation Summary Memorandum, Doc. 12-3.)

On October 19, 2017, Unit Manager Johnson signed the September 29, 2017 informal resolution form indicating that the "Requested action is . . . granted in part . . .. You have the right to file a Formal Grievance if this response does not satisfy you." Unit Manager Johnson did not specify what, if any, part of the request for an investigation was denied. Mr. Mathewson signed the Informal acknowledging that he received the response. (September 29, 2017 Informal Resolution Form, Doc. 2-1.)

Mr. Mathewson was not aware of the results of the investigation and was not provided with a copy of the Investigation Summary Memorandum until June 11, 2018. (Plaintiff's Statement of Undisputed Facts, Doc. 20 at ¶ 18.)

### III. DISCUSSION

The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This means a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Exhaustion is mandatory. *Booth,* 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007).

Under the PLRA, prison regulations define the exhaustion requirements. *Jones*, 549 U.S. at 218. The exhaustion requirement "requires compliance with both procedural and substantive requirements set forth by prison grievance processes in order to ensure that the prison receives the 'opportunity to correct its own mistakes . . . before it is haled into federal court.' " *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (*quoting Woodford*, 548 U.S. at 89).

A grievance will suffice "if it alerts the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010); *see Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010). "The grievance 'need not include legal terminology or legal theories,' because 'the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.' " *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (*quoting Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)).

The defendant bears the ultimate burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Once the defendant has carried that burden, the prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (internal citations and quotation marks omitted). "[T]here can be no 'absence of exhaustion' unless some relief remains available." *Brown*, 422 F.3d at 937. Therefore, the defendant must produce evidence showing that a remedy is available "as a practical matter," that is, it must be "capable of use; at hand." *Albino*, 747 F.3d at 1171.

Mr. Mathewson filed an informal grievance regarding the issues raised in his Complaint on September 29, 2017. The response to that informal was that the action requested was appropriate and an investigation was conducted. On October 19, 2017, Unit Manager Johnson indicated on the Informal that the requested

action was granted in part and Mr. Mathewson could file a formal if the response did not satisfy him. (September 29., 2017 Informal, Doc. 2-1.)

The grievance policy at issue specifically provides that, "An investigation request is the only acceptable action in regard to all staff conduct issues." (Plaintiff's Statement of Undisputed Facts, Doc. 20 at ¶ 11; MSP Procedure 3.3.3 Section III(Q)(2)(b).) It further states that: "If an inmate's action requested is granted, he will not be allowed to appeal the decision, and it is understood he has exhausted all administrative remedies." *(*MSP Procedure 3.3.3, Doc. 12-1 at § III(D)(6)).

The PLRA does not require a prisoner to exhaust the prison grievance process when no pertinent relief can be obtained through the internal process:

> That it may be advisable for an inmate to appeal every issue to the highest level to avoid any question as to whether the administrative process has been adequately exhausted does not alter our conclusion. While "over-exhaustion" may be wise so as to expedite later litigation, the fact remains that *Booth* does not require an inmate to continue to appeal a grievance once relief is no longer "available."

*Brown*, 422 F.3d at 934-35, 935 n.10 (reiterating the holding of *Booth*, 532 U.S. 731). Here, Mr. Mathewson requested the only available remedy, an investigation, and that request was granted. Defendants' own policy provides that if the action is granted, an inmate may not appeal the decision and it is understood that he has

exhausted all administrative remedies.

The exhaustion rule is in place to allow prison officials to have a fair opportunity to correct any claimed deprivation and to develop and an administrative record. *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016). Here, Defendants were able to develop an administrative record and Mr. Mathewson's informal gave the prison an opportunity to "correct their own error." *Woodford*, 548 U.S. at 94.

Defendants argue that if this Court were to rule that Mr. Mathewson's administrative remedies were properly exhausted when his request for investigation was granted, it would "be a disincentive for prisons to grant [ ] investigations." (Doc. 10 at 8.) But the Supreme Court has "held that to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' [ ]—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (*quoting Woodford*, 548 U.S. at 88 (internal citation omitted)). It is Defendants' policy that the Court must rely on and that policy provides that an investigation is the only action that can be requested and once it is granted all administrative remedies have been exhausted. Accordingly, the Court finds that Mr. Mathewson exhausted his administrative remedies.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

Defendants' Motion for Summary Judgment (Doc. 9) should be denied and Mr. Mathewson's Cross Motion for Summary Judgment (Doc. 18) should be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of February, 2019.

   */s/ John Johnston*
  John Johnston
  United States Magistrate